**FRANK C. GILMORE, ESQ. - NSB #10052**
frank@gilmoregroupnv.com
The Gilmore Law Group PLLC
1495 Ridgeview Drive, Suite 90
Reno, Nevada 89519
Telephone:    (775) 848-6387
Facsimile:    (775) 996-9898

*Attorneys for Westin Properties LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WESTIN PROPERTIES LLC, | Case No. 3:25-cv-00021-ART-CLB |
| Plaintiff, | |
| vs. | **ORDER ADOPTING STIPULATED DISCOVERY PLAN & SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 26(f)(3) AND LR 26-1** |
| LIBERTY MUTUAL INSURANCE COMPANY; WEST AMERICAN INSURANCE COMPANY, an Illinois Corporation; and DOE CORPORATIONS I-X, | **SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |
| Defendants. | |

Plaintiff Westin Properties, LLC ("Westin" or "Plaintiff"), and Defendants Liberty Mutual Insurance Company and West American Insurance Company (collectively "Defendants") by and through their attorneys of record, participated in the meeting required pursuant to Fed. R. Civ. P. 26(f). The parties hereby submit the following discovery plan and scheduling order pursuant to this Court's Order, Fed. R. Civ. P. 26(f) and LR 26-1.

1.  Initial Disclosures: The parties should exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before April 1, 2025. Any documents produced in conjunction with initial disclosures will be produced in native or .pdf format and shall be bates stamped with the

1

201840323.1-(FCG)

1  parties' respective identifying bates system.

2      2.    The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

    3.    Pending Discovery Requests:  There are currently no pending discovery requests.

    4.    Need for Protective Order:  At this time, there is no anticipated need for a protective order. The parties will inform the Court if the need for a protective order arises.

    5.    Proposed timing and sequence of discovery:

    **a)**    **Joint Proposed Plan**

    i.    Discovery Cut-off Date:  The Defendants filed their Answers on February 7, 2025.  The discovery cut-off deadline shall be 180 days from the Defendants' Answers: August 6, 2025.

    ii.    Amending the Pleadings and Adding Parties:  The deadline to amend pleadings or add parties shall be May 8, 2025, which is ninety (90) days prior to the discovery cut-off date.

    iii.    Expert Disclosures:  The disclosure of experts and expert reports shall occur by June 6, 2025, which is sixty (60) days before the discovery deadline. Disclosure of rebuttal experts and their reports shall occur by July 7, 2025, which is not later than thirty (30) days before the discovery deadline.

    iv.    Dispositive Motions: Dispositive motions shall be filed by September 5, 2025, which is thirty-one (31) days after the discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended for the same duration, to be no later than thirty (30) days from the subsequent discovery cut-off date.

    v.    Pretrial Order:  The Pretrial Order shall be filed by October 7, 2025, thirty-two (32) days after the deadline for filing dispositive motions date. In the event dispositive motions have been filed, the Pretrial Order shall be suspended

until thirty (30) days after a decision of the dispositive motions or further order of the Court. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

6. Extensions or Modifications of the Discovery Plan and Scheduling Order: LR 26-3 governs modifications or extensions of this discovery plan and scheduling order. Any stipulation or motion must be made no later than twenty-one (21) days before the subject deadline and comply fully with LR 26-3. Any request made within the twenty-one days before the expiration will be supported by a showing of good cause pursuant to LR 26-3.

7. Discovery Disputes: Before moving for an order relating to discovery after complying with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court, the moving parties agree to request a telephonic or video status conference with the Court pursuant to Fed. R. Civ. P. 16(b)(3)(v) to preserve judicial resources.

8. Alternative Dispute Resolution: The parties certify they have met and conferred about using the alternative dispute resolution process pursuant to LR 26-1(b)(8), as well as private mediation, as an alternative to the Court's Early Neutral Evaluation ("ENE") conference. At this time, the parties anticipate participating in mediation before a private mediator but have not come to an agreement on timing given the Defendants' intended motion to compel appraisal and stay this action. After a decision is rendered on that Motion, the parties shall revisit the issue.

9. Electronic Evidence: A jury trial has not been demanded in this matter.

10. Electronic Information: The parties have discussed the retention and production of electronic data. The parties will make reasonable, good faith, proportionate efforts as required under the Rules, including, without limitation, Rule 26(g)(1)(B)(iii), Federal Rules of Civil Procedure, to locate and produce non-privileged documents responsive to discovery requests or subject to the affirmative disclosure requirements of Rule 26(a).

12. The parties agree electronic documents (such as e-mails) will be produced in either native or .pdf format. Emails that have attachments and that are produced in pdf format shall have the attachment immediately following the email. If electronically stored information is produced in pdf format, the parties reserve the right to request the native format as well. If the requesting

201840323.1-(FCG)

1  party specifically seeks production of electronic documents or other electronically stored
2  information in an electronic format, subject to any appropriate objections, including objections
3  based on burden and proportionality, the electronic documents or electronically stored information
4  which is produced shall be produced in the form in which it is ordinarily maintained, or in another
5  reasonably useable form or forms. Given the potential scope and expense of responding to
6  requests for electronically stored information, the parties agree that they will meet and confer in
7  good faith to ensure that the scope of any such request is proportionate to the prospective cost and
8  expense that may be required to respond. The parties agree that they will resolve any dispute
9  regarding the disclosure of privileged material or work product in accordance with the provisions
10 of Federal Rule of Evidence 502.

11         The parties further agree service of discovery via email, pursuant to Fed. R. Civ. 5(b), is
12 sufficient, and the parties retain the right to receive three additional days for mailing provided for
13 in Fed. R. Civ. P. 6(d). The parties reserve the right to revisit this issue if a dispute or need arises.

14         13.     Privileged or Protected Documents: The parties agree to be bound by Federal Rule
15 of Evidence 502 regarding the disclosure of privileged material or work product. Further, the
16 parties agree that while each is taking reasonable steps to identify and prevent disclosure of any
17 document which they believe is privileged, there is a possibility that certain privileged material
18 may be produced inadvertently. Accordingly, the parties agree a party who produces a document
19 protected from disclosure by the attorney-client privilege, attorney work product doctrine or any
20 other recognized privilege ("privileged document") without intending to waive the claim of
21 privilege associated with such document shall promptly, meaning within fifteen (15) days after the
22 producing party actually discovers such inadvertent disclosure occurred, amend its discovery
23 response and notify the other party such document was inadvertently produced and should have
24 been withheld.

25         Once the producing party provides such notice to the requesting party, the requesting party
26 must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any
27 copies thereof. If the requesting party disclosed the inadvertently produced privileged document
28 before being notified of the inadvertent disclosure, it will take reasonable steps to retrieve the

1   materials pending resolution of the matter. By complying with this obligation, the requesting party
2   does not waive any right to challenge the assertion of privilege and request an order of the Court
3   denying such privilege.
4   DATED: March 7, 2025.

THE GILMORE LAW GROUP, PLLC
1495 Ridgeview Drive, Suite 90
Reno, Nevada 89519

 /s/ Frank C. Gilmore
FRANK C. GILMORE, ESQ.
*Attorneys for Plaintiff*

DATED:  March 7, 2025.

MAYNARD NEXSEN LLP
Two Embarcadero Center, Suite 1450
San Francisco, California 94111

 /s/ Nicholas J. Boos
NICHOLAS J. BOOS, ESQ,
*Attorneys for Defendants*

**IT IS SO ORDERED**

_____
**UNITED STATES MAGISTRATE JUDGE**

**Dated:**   March 10, 2025

5

201840323.1-(FCG)

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I certify that I am an employee of THE GILMORE LAW GROUP, PLLC, and that on this date I caused to be served a true copy of **STIPULATED DISCOVERY PLAN & SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 26(F)(3) AND LR 26-1 SUBMITTED IN COMPLIANCE WITH LR 26-1(B)** on all parties to this action by the method(s) indicated below:

\_\_\_\_\_ by placing an original or true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States mail at Reno, Nevada, addressed to:

  X   by using the Court's CM/ECF Electronic Notification System addressed to:

> Nicholas Boos
> Email:  nboos@maynardnexsen.com, bday@maynardnexsen.com, gowens@maynardcooper.com, sroberson@maynardnexsen.com

\_\_\_\_\_ by personal delivery/hand delivery addressed to:

DATED:  This 7th day of March, 2025.

>  */s/ Mary Carroll Davis*
> Employee of The Gilmore Law Group, PLLC

201840323.1-(FCG)